# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JAYSON TREVOR BALL, <br><br> Plaintiff, <br><br> vs. <br><br> BOBBY BRADLEY, <br><br> Defendant. | 3:06-cv-00676-ECR (VPC) <br><br> **REPORT AND RECOMMENDATION** <br> **OF U.S. MAGISTRATE JUDGE** <br><br> December 5, 2007 |

This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendant's motion to dismiss (#7). Plaintiff failed to file an opposition. The court has thoroughly reviewed the motion and record and recommends that defendant's motion (#7) be granted.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Jayson Trevor Ball ("plaintiff"), acting *in pro se*, was last incarcerated in the custody of the Nevada Department of Corrections ("NDOC") at Ely State Prison ("ESP") (#1). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging a violation of his Eighth Amendment right to be free from sexual abuse (#4). Plaintiff names as defendant Bobby Bradley, ESP Corrections Officer. *Id*.

Plaintiff filed a motion to proceed *in forma pauperis* on December 12, 2006 (#1). On May 24, 2007, pursuant to the 28 U.S.C. § 1915A screening requirement, this court granted plaintiff *in forma pauperis* status and ordered plaintiff's complaint filed (#3). On June 4, 2007, the court's screening order was returned as "undeliverable" (#5).

On July 3, 2007, defendants filed a motion to dismiss based on the fact that plaintiff did not notify the court of his forwarding address (#7). The court issued its standard order pursuant to *Klingele v. Eikenberry* informing plaintiff of his rights and responsibilities in responding to

dispositive motions (#8). The *Klingele* order was also returned marked "undeliverable," "return to sender," and "not at ESP" (#9). On October 25, 2007, this court *sua sponte* granted plaintiff one final extension of time until November 16, 2007 to file an opposition to defendant's motion to dismiss (#10). This order was returned on November 5, 2007, marked "undeliverable" (#11). To date, plaintiff has failed to file a motion in opposition to defendants' motion to dismiss.

The Court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

**A. Discussion**

**1. Motion to Dismiss Standard**

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are construed in the light most favorable to the non-moving party. *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994); *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). For the movant to succeed, it must appear to a certainty that plaintiff will not be entitled to relief under the facts alleged in the complaint. *Rothman v. Vedder Park Mgt.*, 912 F.2d 315, 316 (9th Cir. 1990).

Under § 1983, plaintiff must allege that (1) defendants subjected him to the deprivation of a right, privilege or immunity guaranteed by the U.S. Constitution or U.S. law, and (2) that the defendant acted under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). "'Conclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act.'" *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984), *quoting Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977).

**B. Analysis**

Defendants argue that the court should dismiss plaintiff's case because he failed to notify the court of his forwarding address (#7).

The Local Rules of Special Proceedings and Appeals, which pertain to prisoner cases, states "The plaintiff shall immediately file with the court written notification of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. Failure to comply with this rule may result in dismissal of the action with prejudice." LSR 2-2. Further, Local Rule 7-2 states "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." LR 7-2(d).

Defendant's evidence reveals that plaintiff was released from prison on January 24, 2007 (#7, Exhibit A). Upon release, plaintiff gave NDOC a forwarding address in Texas. *Id*. NDOC sent a letter to the Texas address in early 2007, which was returned in March 2007 and stated "return to sender" and "not at this address." *Id*. It has been almost one year since plaintiff's release from prison. Plaintiff has never filed a new address with this court. The court concludes that plaintiff has failed to comply with Local Rule of Special Proceedings and Appeals 2-2. Further, pursuant to Local Rule 7-2, the court finds that plaintiff consents to defendant's argument that plaintiff's case should be dismissed, and grants defendant's motion to dismiss.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff failed to comply with Local Rule of Special Proceedings and Appeals 2-2, and that plaintiff consents to defendant's argument that plaintiff's case should be dismissed. As such, the court recommends that defendant's motion to dismiss (#7) be **GRANTED**.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal

1  pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's
2  judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss (#7) be **GRANTED**.

**DATED:** December 5, 2007.

_____
**UNITED STATES MAGISTRATE JUDGE**